104 N.J. Super. 329 (1969)
250 A.2d 38
ELMER GOULD, PLAINTIFF-APPELLANT,
v.
GERALD WINOKUR, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 19, 1968.
Decided February 5, 1969.
*331 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Seymour B. Jacobs argued the cause for appellant (Messrs, Balk, Jacobs, Goldberger & Mandell, attorneys).
Mr. H. Curtis Meanor argued the cause for respondent (Messrs. Lamb, Blake, Hutchinson & Dunne, attorneys).
The opinion of the court was delivered PER CURIAM.
This medical-surgical malpractice case was tried before a jury. The claim of negligent performance of the surgery was involuntarily dismissed, on defendant's motion, at the close of plaintiff's case. The issues of whether plaintiff had given his "informed consent" to the operation and whether defendant failed to give proper pre-operative and post-operative care were submitted to the jury at the close of all the proofs. The jury returned a unanimous verdict in favor of defendant and against plaintiff of "No cause for action." The jury also answered specific interrogatories consistent with that general verdict.
Plaintiff's motion to set aside the verdict and grant a new trial was denied. Judge Pindar's reasons for denying that motion are fully set forth in his opinion reported in 98 N.J. Super. 554 (Law Div. 1968).
Plaintiff appeals from the whole of the judgment in favor of defendant and from the order denying the motion for a new trial.
We affirm the judgment in defendant's favor and the order denying a new trial substantially for the reasons expressed in Judge Pindar's opinion: We add the following supplementary comments.
There is a lack of evidence in the record that the eighth nerve was severed or traumatized by reason of some *332 negligent or wrongful act on the part of defendant. There was no proof of a departure by defendant from the accepted practice in performing the operation in question. With respect to the surgery in question, only defendant testified. He verified that he had followed the required protective standards. He did not anticipate any involvement of the seventh and eighth nerves as the result of this surgery. These latter nerves were covered with very fine cottonoid strips to protect them from any damage. This was standard and proper practice. If there was any permissible inference of a causal connection between defendant's activity and any involvement of the seventh and eighth nerves, there is absent any reasonable basis for a conclusion that the manner of performance of the operation by defendant departed from accepted surgical standards or was otherwise below the level of reasonable care by a surgeon. To have submitted to the jury the issue of negligence in the performance of the surgery, without any better evidence than here advanced, would have allowed the jurors to embark on a sea of pure speculation. This was not the kind of a case where a jury, unaided by expert opinion, could have found negligence on defendant's part.
Plaintiff complains that the trial court should not have granted defendant's motion for an involuntary dismissal at the end of plaintiff's case. He argues that the court should have waited to see whether defendant's own case might have supplied the deficiencies in plaintiff's proofs. Plaintiff took the deposition of defendant before trial and read portions of it in presenting his own case. A motion to dismiss at the end of plaintiff's case is proper procedure. R.R. 4:42-2(b). There is no absolute obligation on the part of the trial judge to withhold action on that motion in the hope that plaintiff's deficiencies in his proofs will be supplied by evidence adduced on behalf of defendant. The matter is committed to the discretion of the trial judge. We find no mistake in the exercise of that discretion in this case. That phase of the case having been closed out by the *333 involuntary dismissal, the court properly denied further inquiry into it thereafter.
So, too, any reservation by plaintiff to cross-examine defendant when he would testify in his own defense as to the performance of the surgery fell with the involuntary dismissal of the claim of negligent performance of the surgery. The dismissal annihilated any need on defendant's part to testify thereto. Moreover, plaintiff had called defendant as his own witness and had fully examined him as to the surgery. His comprehensive inquiry had not been circumscribed in any way.
Plaintiff claims error in the court's refusing to strike certain comments made by defendant's attorney in summation to the effect that plaintiff may have gotten something in his eye some time about May of 1964. He argues that there was no basis of fact for such a remark and the jury should have been instructed to disregard it. In refusing to strike the remark, the trial judge referred to it as "fair comment." The trial court's rationale was that since the eye was exposed it "could" accommodate a foreign substance. Plaintiff maintains that this allowed the jury unduly to speculate as to some post-surgical trauma.
We have read the record and find no reversible error as to this particular incident. Plaintiff claimed defendant was negligent in post-operative care, especially with respect to care and treatment of the left eye. Defendant had examined plaintiff on April 28 and no problem with the eye was noted. It was not until June 4, 1964 when any problem with the eye could have been brought to defendant's attention. That was the date of plaintiff's next visit to defendant. At that time, conjunctivitis was noted in defendant's records and that condition was being then treated by Dr. Giannasio, an ophthalmogist. Plaintiff had stated in answers to interrogatories that his eye had not begun to bother him until approximately the end of May 1964. Defendant's position, therefore, was that the eye problem did not arise until long *334 after plaintiff's hospitalization had ended; and when the problem arose, it was taken care of by an eye specialist.
Against this background, defendant's attorney, in summation, commented: "Now, did he get a foreign body in it?" Plaintiff's attorney objected. Defendant's counsel then "withdrew the comment" and asked the jury, "to infer as to how he got it." After further colloquy, the trial judge ruled that what counsel said was "fair comment." The reference was to the withdrawal of the original comment and allowing the jury to draw its own inference. Thus, it was left to the jury to decide whether there was a failure of due post-operative care on the part of defendant. Plaintiff, as a result of 1959 surgery, had an "anaesthetic" eye, lacking sensation or feeling. He washed it out daily to make sure that there was no foreign body in the eye. Under all the circumstances, reversible error was not committed as to this phase of the case.
We conclude that prejudicial error was not committed as to any of the other points argued by plaintiff. The charge of negligent performance of the surgery was not made out by plaintiff's proofs. The dismissal of this claim by the trial judge was proper. The verdict of the jury was not contrary to the weight of the evidence. The motion for a new trial was correctly denied for the reasons assigned by Judge Pindar.
The judgment in favor of defendant is affirmed.